# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHOVON WOODARD, | : |
| | : Case No. 2:18-CV-1523 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Vascura |
| KEVIN JOHN O'BRIEN, *et al.*, | : |
| | : |
| Defendants. | : |

## OPINION & ORDER

This matter is before the Court on the Motion to Dismiss brought by Defendants Kevin John O'Brian and Kevin O'Brien & Associates Co. L.P.A. (ECF No. 8). Defendants move this court to dismiss Plaintiff's complaint arguing that Plaintiff's claims are time barred, and in the alternative, that she fails to state a claim upon which relief may be granted. Plaintiffs responded arguing that she has stated a plausible claim under the DFCPA. (ECF No. 10). Defendants has filed a reply. (ECF No. 12). For the reasons outlined below, this Court **DENIES** Defendant's Motion to Dismiss.

## I.  BACKGROUND

Ms. Woodard lost her wallet at some point prior to March 18, 2011. (ECF No. 1 at ¶ 14). On March 18, 2011 someone presented a personal check made out in her name to Columbus Checkcashers in Franklin County Ohio. *Id.* at ¶ 15. She alleges she had nothing to with this attempt to cash the check. *Id.* at ¶¶ 14-16. On July 10, 2015, Defendants filed a civil complaint against Ms. Woodward on behalf of Columbus Checkcashers for fraud, alleging that the check had been dishonored and attempting to collect damages, costs, and attorney fees. (*Id.* at ¶¶ 19-21, ECF No. 8 at 2). In April of 2016, the Franklin County Municipal Court awarded a default

judgment against Ms. Woodard. (ECF No. 1 at ¶ 22). On November 29, 2017, Ms. Woodard learned that Mr. O'Brien had misrepresented himself as having the authority to bring the suit when he did not. *Id.* at ¶ 28. Ms. Woodard petitioned the court to vacate the default judgment on July 24, 2018. *Id.* at ¶ 26. Days before the judgement was vacated, Columbus Checkcashers also successfully moved the Municipal Court to disqualify Mr. O'Brien from representing Columbus Checkcashers. *Id.* at ¶ 25. On November 26, 2018 Ms. Woodard brought suit against Mr. O'Brien and his firm alleging that they violated the Fair Debt Collection Practices Act ("FDCPA") by instituting the lawsuit on behalf of Columbus Cashcheckers when they had no authority to do so. (ECF No. 1). Defendants brought this motion to dismiss arguing that Ms. Woodard's claim is time barred and, in the alternative, that she does not state a claim because the dishonored check at issue was endorsed as a counterfeit, and "money owed or allegedly owed as a result of a tort or theft . . . does not constitute a 'debt' for purposes of the FDCPA." (ECF No. 8 at 3).

## II. STANDARD OF REVIEW

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party and must accept plaintiff's allegations as true. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 446 (6th Cir. 2014), *as amended* (Dec. 11, 2014); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff. *Mayer v.*

2

*Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

Defendants first argue that Plaintiff's claims are time barred because she brought this claim more than one year after the alleged violation occurred. Plaintiff counters that the Sixth Circuit recognizes the "discovery rule" which permits the one-year statute of limitations to begin tolling from the date that Plaintiff learned or had reason to learn of the FDCPA violation. Plaintiff cites to *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 430 (6th Cir. 2015), but in that case, the Sixth Circuit did not expressly determine that the discovery rule or equitable tolling apply. The Sixth Circuit has expressly avoided determining whether the discovery rule applies to the FDCPA's statute of limitations. *See Lloyd v. Midland Funding, LLC*, 639 F. App'x 301, 306

3

(6th Cir. 2016) ("We have never decided whether this statute of limitations includes a discovery rule, and we need not resolve the point today."). Nonetheless, in the past, this Court has equitably tolled the statute of limitations for FCDPA claims until the time that the borrower "'had reasonable opportunity to discover the fraud involving the complained' of violation." *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 430 (6th Cir. 2015) (citing *Foster v. D.B.S. Collection Agy.,* 463 F.Supp.2d 783, 799 (S.D.Ohio 2006) (determining that Defendants failed to prove that Plaintiff's claims were time barred because they did not specify the time when the class members discovered or had reasonable opportunity to discover Defendants' alleged misrepresentations)).

Construing the complaint in the light most favorable to Plaintiff and accepting all her allegations as true, she did not learn that Defendants had no authority to represent Columbus Checkcashers until November 29, 2017. (ECF No 1 at 4). Given that this suit was filed less than one year later, on November 26, 2018, Defendants have failed to prove that Plaintiff's claims are time barred.

In the alternative, Defendants argue that Plaintiff fails to state a claim because there is no "debt" in this case within the meaning of the FDCPA because the check that was cashed was a counterfeit check and thus Plaintiff's obligation arose out of a theft and not a covered transaction. (ECF No. 8 at 3). Plaintiff counters that courts "overwhelmingly agree that an alleged debt founded on passing a bad check is a 'debt' triggering protection under the FDCPA." (ECF No. 10 at 7).

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To properly plead a claim under the FDCPA:

> "(1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arises out of transactions which are 'primarily for personal, family or household purposes;' (3)

4

defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions."

*Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012)

Defendants argue that Plaintiff's passing of the counterfeit check is an "alleged theft" and there is thus no eligible "transaction" that created the debt. (ECF No. 8 at 6). Defendants cite a 1997 decision by this Court as support for their proposition that the passing of a bad check does not create a debt for purposes of the FDCPA. *See* ECF No. 12 at 4; *Pocisk v. VAS Dimensions*, C2-96-1161, (S.D. Ohio April 25, 1997). In *Pocisk*, this Court relied heavily on the Third Circuit's decision in *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163 (3d Cir. 1987) to determine that a "debt" must involve a transaction involving the offer or "extension of credit to a consumer" and that because tendering a check is a form of immediate payment it is the "antitheses of a voluntary extension of credit." *Id.* at 4-5. At the time the decision in *Pocisk* was made, the courts of other circuits had not yet addressed this issue comprehensively. Furthermore, the Third Circuit has since expressly rejected attempts to extend the rationale of the *Zimmerman* decision to debts created by tendering bad checks. *F.T.C. v. Check Inv'rs, Inc.*, 502 F.3d 159, 170 (3d Cir. 2007*)* (agreeing with other circuits that "there is no 'fraud exception' in the FDCPA" and determining that check drawn on account with insufficient funds created "debt")*, abrogated on other grounds by Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017).

Further, while the Sixth Circuit has not expressly addressed this issue, the majority of courts in this circuit and elsewhere have in the meantime determined that debts founded on dishonored or bad checks are "debts" under the FDCPA. *Gradisher v. Check Enf't Unit, Inc.*, 133 F. Supp. 2d 988, 990 (W.D. Mich. 2001)("The collection of the amount owed to another because of a bad check is debt collection under the FDCPA."); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir. 1997) ("As long as the transaction

creates an obligation to pay, a debt is created. We harbor no doubt that a check evidences the drawer's obligation to pay for the purchases made with the check, and should the check be dishonored, the payment obligation remains."); *Duffy v. Landberg*, 133 F.3d 1120, 1123 (8th Cir. 1998) (finding that dishonored check constitutes an FDCPA debt); *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739, 742 (9th Cir. 1997) (same). *See also Brown v. Am. Mut. Holdings Inc.*, No. 1:13-CV-01072-PLM, 2017 WL 2728409, at *5 (W.D. Mich. June 6, 2017), *report and recommendation adopted*, No. 1:13-CV-1072, 2017 WL 2729098 (W.D. Mich. June 23, 2017) (noting that bringing a suit for fraud in state court is an attempt to collect a "debt" and discussing in depth and approvingly Third Circuit decision that bounced checks do constitute debts within the meaning of the FDCPA).

Additionally, the Sixth Circuit did implicitly recognize that a debt created out of a check drawn on an account with insufficient funds did create a debt covered by the FDCPA. *See Broadnax v. Greene Credit Serv.*, 106 F.3d 400 (6th Cir. 1997). In *Broadnax*, the plaintiff, Broadnax, sued a collection agency that attempted to recover from him a debt resulting from a dishonored check. Broadnax had issued the check to his handyman in exchange for his completing repairs on a rental building. The handyman used the check at a grocery store. The day after the handyman used the check at the grocery store, Broadnax found out that the handyman had not actually completed the work and withdrew his money from the account so that it would not be drawn. The grocery store employed debt collectors to collect the debt after Broadnax stated he did not owe the grocery store anything. The Court determined that the underlying debt was a commercial debt and not a FDCPA eligible consumer debt because Broadnax was attempting to pay his handyman for repairs to his rental property. The Sixth Circuit reversed determining that the "undisputed facts evidence the creation of a consumer debt

running from [the handyman] to Don's Super Value in the amount of $165, which [the handyman] attempted to discharge by assignment of Broadnax's check to the supermarket." *Id.* at *3. The Sixth Circuit took no issue with the fact that the debt was due to a dishonored check or with Broadnax's actions in withdrawing money to ensure that the check would bounce.

Additionally, and while not dispositive of the issue, Defendants' September 28, 2011 collection letter to Plaintiff—attached to Defendants' Motion to Dismiss as an exhibit—contains a notice made to comply with the FDCPA, stating in all caps that the collection letter "is an attempt to collect a debt." (ECF No. 8-1 at 36). If the allegedly counterfeit check did not create a debt within the meaning of the FDCPA, defendants would not have had reason to use such a notice.

Defendants add that the check at issue is not simply a bad check but a counterfeit one, and any caselaw finding that a bad check is a covered debt is inapplicable. (ECF No. 12 at 4). However, the issue of whether the check is a counterfeit and whether Plaintiff negotiated and cashed a counterfeit check is an issue of fact and not one relating to improper or insufficient pleading. *See Telecheck Recovery Servs., Inc.*, No. CIV.A. 94-3182, 1997 WL 736692, at *3 (E.D. La. Nov. 24, 1997) (determining that an FDCPA eligible transaction occurred where an imposter cashed a bad check to pay for shoes at Nine West and that there is "no exception created in the Act for situations of fraudulent intent in creating a debt"). This Court is bound to accept Plaintiff's contention that the check was not cashed by her as true when deciding Defendant's Motion to Dismiss.

Defendants also argue that the "FDCPA is only triggered when an obligation to pay arises out of a specified 'transaction' within the meaning of the statute" and that such a transaction must be incurred by a consumer involving a "personal, family or household property." (ECF No.

7

12 at 6-7). It is true that Plaintiff has alleged that her wallet was stolen and that she had nothing to do with the cashing of the check on March 18, 2011. (ECF No. 1 at ¶¶ 14-15). Courts typically look to the intended use or purpose behind the debt incurred to determine whether the debt was for "personal, family, or household purposes." *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1306 (S.D. Fla. 2016). In the context of cases of identity theft or mistaken identity, however, this line of questioning is insufficient and fails to adequately protect the consumer. In such cases, an individual who has been subjected to identity theft can never prove that the debt incurred on her behalf was for "personal, family, or household purposes" because she alleges that she never in fact incurred this debt or had knowledge that it would be incurred. This would create an obstacle for plaintiffs that would "contravene both the plain meaning and purpose of the FDCPA." *Id. See also Byes v. Telecheck Recovery Servs., Inc.*, No. CIV.A. 94-3182, 1997 WL 736692, at *3 (E.D. La. Nov. 24, 1997). Accordingly, this Court finds that Plaintiff's assertion that her wallet was stolen and that someone else cashed the check creating the debt at issue is sufficient to state a claim under the FDCPA.

## IV. CONCLUSION

For the reasons state above, this Court **DENIES** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

                                      **s/ Algenon L. Marbley**
                                      **ALGENON L. MARBLEY**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 13, 2019**