UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHOVON WOODARD, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:18-cv-1523 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| KEVIN JOHN O'BRIEN, *et al.*, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Supplemental Motion for Attorney's Fees (ECF No. 89). Defendants have not opposed the Plaintiff's Motion, and the time for doing so has now passed. Plaintiff's Motion is now ripe for determination. For the reasons below, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this case against Defendant O'Brien and his law firm, Defendant Kevin O'Brien & Associates Co., L.P.A., on November 26, 2018. Plaintiff alleged Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by instituting a collection lawsuit against her despite lacking authorization from the putative client. (ECF No. 1). On June 23, 2022, this Court granted Plaintiff's Motion for Order on Agreed Damages and Plaintiff's Motion for Attorney's Fees. (ECF No. 80). Judgment was entered for the Plaintiff against the Defendants, jointly and severally. (ECF No. 81). On July 20, 2022, Defendants filed notice that it was appealing this Court's decision awarding attorney's fees to the Plaintiff. (ECF No. 85). On May 9, 2023, the Court of Appeals for the Sixth Circuit issued an Order affirming this Court's decision. (ECF No. 87).

On June 15, 2023, Plaintiff filed a Supplemental Motion for Attorney's Fees based on the work conducted from July 20, 2022 to the date of filing defending the Plaintiff in the appeal matter and Defendant Kevin O'Brien's Chapter 13 bankruptcy matter. (ECF No. 89). The Defendants did not file a response to Plaintiff's Motion.

## II. LAW AND ANALYSIS

Plaintiff moves for an award of **$10,412.50** in fees and expenses. (ECF No. 89 at 1). Issues concerning the award of attorney's fees incurred on appeal is within the jurisdiction of the district court. *See O'Bryan v. Signaw Cty, Mich.*, 722 F.2d 313, 314 (6th Cir. 1983) ("Accordingly, this Court has ruled that issues concerning the award of attorney's fees for the prosecution of an appeal address themselves in the first instance to the District Court."). "The FDCPA mandates the award of 'a reasonable attorney's fee' and costs to a prevailing party." *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009) (citing 15 U.S.C. § 1692k(a)(3) and *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997)). The FDCPA does not limit the collection of attorney's fees to a specific court or level of courts. *See* 15 U.S.C. § 1692k(a)(3).

Plaintiff is a prevailing party entitled to recover its reasonable fees and costs. (ECF Nos. 80 and 87). Plaintiff's counsel has calculated his fees from a lodestar rate of $425 per hour. (ECF No. 89 at 3). This Court previously determined that $425 per hour is a reasonable rate for local consumer law attorneys of comparable experience. (ECF No. 80). The Court of Appeals for the Sixth Circuit affirmed this Court's judgment. (ECF No. 87). This Court again finds that $425 per hour is a reasonable rate.

Next, the hours multiplier must be reviewed to ensure that the effort expended on the client's behalf reasonably aligns with the demands of the case. "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success

2

at the point in time when the work was performed." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598 (2001).

Here, Plaintiff's counsel is seeking compensation for 24.5 billed hours. (ECF No. 89 at 3). The Court has reviewed attorney Reichenbach's billing records (ECF No. 89-3 at 3-4) and the appeal matters (ECF Nos. 89-1 and 89-2) and finds the billing records to be appropriate. It also finds that 24.5 hours was a reasonable amount of time for Plaintiff's counsel to expend representing Plaintiff in the appeal matter and addressing issues in Defendant Kevin O'Brien's Chapter 13 bankruptcy matter. Therefore, the Court will use Plaintiff's requested hours multiplier of 24.5, for a total fee of $10,412.50.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Supplemental Motion for Attorney's Fees (ECF No. 89) is **GRANTED**. Defendants shall pay Plaintiff attorney's fees in the amount of **$10,412.50.**

IT IS SO ORDERED.

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 18, 2023**

3